Cia. **PETROLERA CARIBE, INC.,**
Plaintiff, Appellant,

v.

**AVIS RENTAL CAR CORPORATION,** et
al., Defendants, Appellees.

No. 84–1034.

United States Court of Appeals,
First Circuit.

Argued May 8, 1984.

Decided June 4, 1984.

Carlos F. Lopez, Santurce, P.R., with whom Celso E. Lopez, San Sebastian, P.R., was on brief, for plaintiff, appellant.

Jeffrey S. Holik, Washington, D.C., with whom Alan S. Ward, Elizabeth R. Moore, Baker & Hostetler, Washington, D.C., Manuel A. Guzman, Dohanie Sepulveda, McConnell, Valdes, Kelly, Sifre, Griggs & Ruiz-Suria, San Juan, P.R., William A. Zucker, Gerald A. Rosenthal, Gadsby & Hannah, Boston, Mass., Alfredo Castro Mesa, Guaynabo, P.R., Arthur H. Kahn, James D. Crawford, James A. Goodman, Schnader, Harrison, Segal & Lewis, Philadelphia, Pa., Salvador Antonetti, and Fiddler, Gonzales & Rodriquez, San Juan, P.R., were on brief, for defendants, appellees.

Before CAMPBELL, Chief Judge, COFFIN and BOWNES, Circuit Judges.

PER CURIAM.

Cia. Petrolera Caribe, Inc. ("Caribe"), a wholesaler of gasoline, brought suit in the federal district court in Puerto Rico against Avis Rental Car Corporation, Hertz Rental Car Corporation, and National Rental Car Corporation for violation of section 3 of the Clayton Act and section 1 of the Sherman Act. Caribe alleged that the rental car companies had illegally tied the sale of gasoline (*i.e.,* the tied product over which defendants had no significant market power) to the lease of their rental cars (*i.e.,* the tying product over which defendants have market power). The district court granted summary judgment in favor of the rental car companies on the grounds 1) that Caribe, as a wholesaler, lacked standing to bring such a suit, and 2) that Caribe had come forward with no evidence whatsoever to suggest that the rental companies had "coerced" anyone to buy gas from them. *Cia. Petrolera Caribe, Inc. v. Avis Rental Car Corporation,* 576 F.Supp. 1011 (D.P. R.1983). Caribe appeals from the summary judgment. We affirm.

■ Defendant rental car companies provide a full tank of gas with each car that they rent. Customers are said to prefer this, and there is no dispute that the policy is commercially reasonable. Because the companies provide a customer with a full tank of gas upon rental, their lease agreements subject the customers to a refueling charge if the tank is not full when returned. The Avis standard rental agreement is representative of the refueling clauses, and provides,

3. Renter shall pay Lessor on demand:

.     .     .     .     .

(b) if rate does not include gasoline and the Vehicle is returned with less gasoline than when rented, an additional charge to compensate for such deficiency . . . .

None of the rental agreements provide that a lessee must purchase any amount of gas from the lessors. In all instances, the customer is free to fill up elsewhere before returning the vehicle. Caribe, nonetheless,

**638**

asserts that by requiring a refueling charge for any gas needed to refill the tank, the rental companies "force" their customers to purchase gas from them. As there is no express contractual tie, Caribe must prove "coercion." *See, e.g., Ungar v. Dunkin' Donuts of America, Inc.,* 531 F.2d 1211 (3d Cir.), *cert. denied,* 429 U.S. 823, 97 S.Ct. 74, 50 L.Ed.2d 84 (1976). Yet, Caribe did not produce any affidavit or other supporting material from a customer stating that he had, in fact, been forced to buy gas from defendants. Indeed, Caribe's vice-president, Felipe M. Lopez, testified in a deposition that based on his personal knowledge, the defendants' customers were given the option of purchasing gasoline from other sources. The district court justifiably concluded that when Mr. Lopez rented a car from Avis he was not told he had to buy gas from Avis, nor was he told that he could not refill the tank himself from any other source. 576 F.Supp. at 1016.

At oral argument, Caribe represented that if it had been allowed to conduct discovery it would have been able to uncover evidence of the percentage of rental car customers that return cars with partially empty tanks and hence allow the rental companies to refuel the cars for them. Caribe believes this percentage to be quite high. We note that proof that a high percentage of car rental customers had bought gas from the rental companies would be insufficient, standing alone, to demonstrate coercion. *See Ungar,* 531 F.2d at 1213 & 1225 n. 14. Caribe further asserted that the rental companies charge $.30 to $.40 more per gallon for gasoline than retail stations in Puerto Rico, and that the companies do not adequately inform customers of this higher charge.

Put in the most favorable possible light, Caribe's claim comes down to an offer to show that the rental car companies "coerce" customers to purchase gasoline from them by lulling them into returning the cars with partially empty tanks. This is accomplished by their alleged failure to give sufficient advance warning that the refueling charge will be higher than at a retail station.

There is nothing in the record, however, to suggest, nor does Caribe allege, that any customers who asked about the nature of the refueling charges were not told of them. A customer would certainly have to be driving his rental car in the slow lane not to know that he had a right to fill up his tank before returning the car to the rental agency, thereby avoiding any added charge. To be sure, there may be customers who, for reasons of convenience, allow the companies to fill up their tanks who might not do so if they were told more explicitly of the higher per gallon price. Ignorance, however, is not a substitute for coercion under the antitrust laws, Caribe's bald and repeated assertions of "force" notwithstanding. Since Caribe failed to demonstrate a genuine issue of material fact, the district court properly granted summary judgment. Because Caribe has failed to indicate facts which, if proven, would support its allegations of coercion, we need not reach the issue of standing.

*Affirmed.*